UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATHERINE COSTANZA, | No. 2:13-cv-1799 KJM KJN |
| Plaintiff, | |
| v. | ORDER |
| CITIMORTGAGE, INC, et al., | |
| Defendants. | |

    Plaintiff Catherine Costanza's ("Costanza") ex parte motion for a temporary restraining order currently is pending before the court.  Costanza also requests that the court issue an order directing defendant Citimortgage, Inc. ("CMI") to show cause why a preliminary injunction should not be issued, enjoining CMI and its agents from proceeding with an unlawful detainer action currently pending in Sacramento County Superior Court.  After considering the parties' papers, the court DENIES the motion.

I. BACKGROUND

  A.  Procedural Background

    On August 6, 2013, Costanza filed a complaint in Sacramento Superior Court against CMI and numerous Doe defendants; it is comprised of six causes of action stemming from the foreclosure of her house at 2629 16th Street, Sacramento:  (1) violation of California Civil Code section 2924.17(b) by recording inaccurate title documents; (2) fraud; (3) promissory

1

estoppel; (4) negligent misrepresentation; (5) negligence; and (6) violation of California Business and Professions Code section 17200.  Complaint, ECF No. 1-1.

On August 30, 2013, CMI removed the case to this court.  ECF No. 1.  On September 9, 2013, CMI filed motions to dismiss and to strike portions of the complaint; this motion is currently set to be heard on October 25, 2013.  ECF Nos. 8 & 9.

Costanza filed her motion for injunctive relief on September 11, 2013; CMI filed its opposition on September 13.  ECF Nos. 11, 12.

### B.  The Complaint

The complaint alleges that CMI recorded a Notice of Default on or about June 21, 2012 without first contacting Costanza to discuss alternatives to foreclosure.  Complaint, ECF No. 1-1 ¶ 11.  CMI did not contact Costanza about her options to avoid foreclosure until August 6, 2012.  *Id*. ¶ 14.

On December 28, 2012, a Notice of Trustee's Sale was recorded, setting the sale for January 22, 2013.  *Id*. ¶ 18.  Nevertheless, during January, CMI represented to plaintiff that there was on-going consideration of her request for a loan modification.  *Id*. ¶¶ 20-27.

Costanza was shocked when a Notice to Vacate was posted on her door on March 25, 2013.  The Trustee's Deed, recorded on March 27, 2013, showed that the property was sold back to CMI at the trustee's sale on March 11, 2013.  *Id*. ¶¶ 28-29.

### C.  The Motion For A Temporary Restraining Order

Costanza filed the pending motion on September 11, 2013, seeking to restrain defendants from proceeding with the unlawful detainer action currently pending in Sacramento County Superior Court, Case Number 13UD02850.  She alleges that on or about September 10, 2013, she learned that a trial in the unlawful detainer action had been set for September 17, 2013.  Pl's. Mem. P. & A., ECF No. 11-1 at 4; Declaration of Catherine Costanza, ECF No. 11-2 ¶ 24.  The Superior Court's website shows the unlawful detainer action was filed on April 15, 2013; Costanza says nothing about when she first learned the action had been filed.

/////

/////

## II.  ANALYSIS

Under 28 U.S.C. § 2283, "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."  In *Atlantic Coast Line Railroad Company v. Brotherhood of Locomotive Engineers,* the U.S. Supreme Court held that the Act is an absolute prohibition against a district court's enjoining state actions unless one of the three statutory exceptions is met.  398 U.S. 281, 294-95 (1970).  Because the statute "rests on the fundamental constitutional independence of the States," this court must construe these three exceptions narrowly.  *Id.*; *see also Negrete v. Allianz Life Ins. Co. of N. Am.*, 523 F.3d 1091, 1101 (9th Cir. 2008).

Neither the first nor third exceptions apply.  As a number of courts have recognized, "there is no federal statute authorizing a district court to enjoin a state unlawful detainer action."  *Carrasco v. HSBC Bank USA, N.A.*, No. C-11-2711 EMC, 2012 WL 646251, at *3 (N.D. Cal. Feb. 28, 2012); *Scherbenske v. Wachovia Mortg. FSB*, 626 F. Supp. 2d 1052, 1059 (E.D. Cal. 2009).  Moreover, this court has not entered judgment.

The second exception

> applies to in rem proceedings where the federal court has jurisdiction over the res and the state court proceedings might interfere with that.  But that principle does not authorize interference with parallel in personam state actions merely because the state courts might reach a conclusion before the district court does.

*Negrete*, 523 F.3d at 1101.  Courts recognize that a challenge to foreclosure proceedings is an in personam action, and that a federal court such as this does not have jurisdiction over the property at issue.  *Le v. 1st Nat'l Lending Servs.*, No. 13-CV-01344 LHK, 2013 WL 2555556, at *2 (N.D. Cal. June 7, 2013); *Carrasco*, 2012 WL 646251, at *4.

Plaintiff cites *Logan v. U.S. Bank National Association*, 722 F.3d 1163 (9th Cir. 2013) to argue that this court "has jurisdiction over an unlawful detainer action pending in state court."  ECF No. 11-1 at 5.  In *Logan*, however, the plaintiff relied on the federal Protecting Tenants at Foreclosure Act (PTFA); the Ninth Circuit did not discuss the Anti-Injunction Act, but

3

held only that the principles of *Younger v. Harris*, 401 U.S. 37 (1971), did not require a federal court to abstain from adjudicating claims arising from a foreclosure when a state unlawful detainer action was pending at the same time. *Id*. at 1168-69. *Logan* does not help plaintiff in her request for temporary or permanent injunctive relief, whereby she seeks only to block the unlawful detainer proceeding.

   IT IS THEREFORE ORDERED that plaintiff's motion for a temporary restraining order and for an order to show cause, ECF No. 11, is DENIED.

DATED: September 16, 2013.

                UNITED STATES DISTRICT JUDGE